IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE FRANKLIN a/k/a MONICA JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 8376 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| HOWARD BROWN HEALTH CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a Motion for an Extension of Time to Answer and Object to Plaintiff's Interrogatories and Document Requests. [Dkt. #23]. The requests were served on March 30, 2018 in accordance with the schedule set by Judge Aspen. [Dkt. #15]. Thus, the defendant's responses were due April 30, 2018. The defendant, inexplicably, chose to file its motion for an extension of that deadline *after the close of business on that day*, at 6:14 p.m. April 30th. Filing a motion for an extension of time on the day the deadline expires – or, as here, immediately after the deadline expires – is the worst kind of sandbagging. Based on the defendant's motion, it knew at least as early as April 5th, and no later than April 11th, [Dkt. #23, ¶¶ 5, 6], that it would not be meeting the April 30th deadline.[1] A motion for an extension of time filed on the day the deadline expires – never mind *after* the close of business that day – unfairly paints the court into a corner and presumes the court will grant the motion. However, case law simply does not support the gambit. *See* the

---

[1] This, of course, assumes the truthfulness of the representations. But those representations need not be accorded the weight of an encyclical and are often questionable at best. *See Jones v. Jones,* 217 F.2d 239, 242 (7th Cir.1954); *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 2018 WL 1616725, at *1 (N.D. Ill. 2018); 317 F.R.D. 620, 625 (N.D. Ill. 2016); *Lukaneva v. Levy Restaurants at McCormick Place*, 2006 WL 1823169, at *8 (N.D. Ill. 2006).

discussion in cases such as *Logan v. Berryhill*, 2017 WL 1344521, at *2 (N.D. Ill. 2017); *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 254 F. Supp. 3d 1007, 1030 n.17 (N.D. Ill. 2017); *G & G Closed Circuit Events, LLC v. Castillo*, 2016 WL 3551634, at *7–8 (N.D. Ill. 2016).

Moreover, the defendant wants to lay its tardiness at the feet of the plaintiff, suggesting that plaintiff ought have been more accommodating and "granted" – "agreed to" would be a more accurate term – defendant's request for an extension. [Dkt. #23, ¶¶ 9, 11, 14]. Ignored, however, is the defendant's behavior and disregard of Judge Aspen's schedule. While Fed.R.Civ.P. 29 allows for parties to stipulate to extensions of discovery deadlines, the Rule is not mandatory; a party following the rules and complying with schedules need not accommodate a party that is not. And, here, the defendant's excuse – that its IT department was too busy to comply with discovery responsibilities [Dkt. #23, ¶ 6] – is a weak one, at best. If the President of the United States must find time to comply with discovery requests, *Clinton v. Jones*, 520 U.S. 681 (1997), so, too, must an IT department of a private litigant. *Johnson v. Jung*, 242 F.R.D. 481, 486 (N.D. Ill. 2007). The "I'm too busy to comply" is a commonly heard refrain in discovery disputes. It is seldom persuasive. It is certainly not persuasive when the noncompliant litigant does not bother to inform its opposition of the claimed problem or even to file for an extension of the discovery schedule until after it has expired. That is simply not an acceptable way for litigants and their counsel to behave. *See AT&T Corp. v. Park I–10 Motors*, 2014 WL 12580445, at *1 (W.D. Tex. 2014).

It should be pointed out that the parties do not "own" the discovery schedule, as defendant seems to think, granting extensions between themselves according to their whims. The discovery schedule is set by the court and it is the court alone that can ultimately grant a modification of that schedule. There is an overriding public interest in prompt resolution of legal disputes. *Gray v. Schaub*, 182 F.3d 921 (7th Cir. 1999); *Fort Howard Paper Co. v. Standard Havens*, Inc., 901 F.2d

1373, 1380 (7th Cir. 1990). There is not only a cost to the public at large resulting from needless delays, but to the other litigants waiting in the queue for the court's attention. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015); *Fort Howard*, 901 F.2d at 1380; *R-Boc Representatives, Inc. v. Minemyer*, 66 F. Supp. 3d 1124, 1130 (N.D. Ill. 2014). As discovery is extended by the fiat of one of the parties, time is taken away from other cases. The problem here was not the plaintiff following the schedule set by Judge Aspen, but the defendant's IT department claiming it had more pressing matters and its lawyer not informing in a timely way either the court or plaintiff's lawyer. And no excuse is given for that sort of insouciance – even if the self-serving excuse now offered were to be accepted. [Dkt. # 23, Pars. 5-6].

But defendant assures the court that the extension it seeks will not interfere with Judge Aspen's discovery cut-off date of August 1, 2018 – a date Judge Aspen has said will not be extended. [Dkt. #15]. In terms of complying with deadlines, the defendant is off to a rocky start, [Dkt. #10], and who can tell how busy the IT department will claim to be down the line? It bears repeating that the defendant sought to paint the court into a corner by the timing of its motion for an extension. This one time, however, I choose to exercise the vast discretion courts have in discovery, *King v. Ford Motor Co.*, 872 F.2d 833, 838 (7th Cir. 2017), on a limited basis and to grant the motion insofar as it seeks additional time to respond to the plaintiff's discovery requests.

However, that same discretion will not be exercised in favor of the defendant's request for additional time to object to the discovery requests. Instead, the defendant must fully answer the requests as posed and will not be allowed to raise any objections which might otherwise have been proper had the responses and/or objections been timely filed. The defendant is reminded that "delays have dangerous ends." *Cleversafe, Inc. v. Amplidata, Inc.*, 2014 WL 2609654, at *1 (N.D. Ill.

3

2014)(quoting Henry VI, Part I (1592) Act III, sc. ii 1.33). We live in a world of deadlines.... The practice of law is no exception." *Raymond v. Ameritech Corp.,* 442 F.3d 600 (7th Cir.2006). Lawyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994).

For the reasons discussed above, the defendant's Motion for an Extension of Time to May 21, 2018 to answer the outstanding discovery requests is granted. There will be no further extensions. However, the defendant's motion is denied insofar as it seeks the additional time for the defendant to raise objections to the discovery requests when they are answered on May 21st.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 5/10/18